**In re Kimberly Dawn POPE, a/k/a Kim Pope, Debtor.**

**LIBERTY LOAN CORP. OF GADSDEN, Plaintiff,**

v.

**Kim POPE, a/k/a Kimberly Dawn Pope, Defendant.**

Bankruptcy No. 81–01437.

Adv. No. 81–0449.

United States Bankruptcy Court, N. D. Alabama.

June 30, 1981.

George N. Sims, Talladega, Ala., for debtor.

Jack A. Wallace, Talladega, Ala., for plaintiff.

### FINDINGS, OPINION, AND ORDER

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was filed by the debtor in this Court, under Chapter 7, Title 11, United States Code, on March 3, 1981, and is pending before this Court under said Chapter. The above-styled adversary proceeding was filed, and is pending, in said case. The plaintiff is a creditor which seeks to have this Court determine that the debtor is indebted to it upon a nondischargeable debt, for a wrongful conversion or wrongful sale of one 1978 model MG "Midget" automobile, one 1974 model Dal Majic 16-foot boat, with an 85 horsepower Mercury motor, and a Tennessee boat trailer, constituting a portion of the collateral by which the debtor was to secure the payment of the plaintiff's loan to her of the sum of $1,681.04, with which the defendant was to purchase the boat, motor, and trailer.

The debtor admitted that she had sold the automobile for the sum of $325.00, in September or October, 1979, after the loan was made, on June 13, 1979.

The debtor's pro forma motion to dismiss was overruled or denied, and the controversy proceeded to a trial before the bankruptcy judge, without the intervention of a jury, on June 29, 1981. By direction of the Court, the proceeding was tried as if the defendant-debtor had answered by way of a general denial, except for the admitted sale of the automobile.

### FINDINGS OF FACT

From a due consideration of the pleadings and proof, the bankruptcy judge finds the facts as follows:

1. At the date of the commencement of the case, the defendant was indebted to the plaintiff in the sum of $1,338.14, plus 6% interest thereon from February 4, 1981, court costs of $39.00, and attorney's fees of $90.00;

2. On October 8, 1980, the plaintiff, in a suit on the loan debt, obtained a judgment

in the state courts, against the defendant-debtor for the sum of $1,564.00 and $30.00 court costs;

3. The transaction between the plaintiff and the defendant began on June 13, 1979, when the plaintiff made a loan to the defendant in the sum of $1,681.04, repayable in the total sum of $2,040.00, over a period of 24 months;

4. The loan was made for the purpose of enabling the defendant to purchase one 1974 model Dal Majic 16-foot boat, with an 85 horsepower Mercury motor, and a Tennessee boat trailer;

5. As collateral to secure payment of the indebtedness, the defendant gave to the plaintiff a security interest in the boat, motor, and trailer, a security interest in one 1968 MG "Midget" automobile, and a security interest in two divans, two chairs, one lounge chair, one occasional chair, one three-piece "dble" bedroom suite, one five-piece kitchen set, a vacuum cleaner, a television set, and one "quadraphonic" radio;

6. After obtaining the loan, the defendant determined that the boat, motor, and trailer were not worth the price to be paid for them, determined not to make the purchase, and used the proceeds of the loan for other purposes;

7. Shortly thereafter, the defendant carried to the plaintiff's loan office the serial number for the automobile and informed the plaintiff's office manager of her decision not to make the purchase and was told by him that this would not cause any problem as long as she made the payments as required under her loan agreement;

8. In September or October, 1979, the defendant sold the automobile to a third party for the sum of $325.00; and

9. Except for the boat, motor, trailer, and automobile, the defendant had in her possession or in her control the remaining collateral for the debt, at the time of the trial.

## CONCLUSIONS BY THE COURT

■ This is a proceeding which seeks to recover damages for the wrongful sale of a portion of the collateral which secured the debt owed by the defendant to the plaintiff, rather than a proceeding for a determination of the nondischargeability of money obtained by false representations or false pretenses. The defendant never had the boat, motor, or trailer and never disposed of them, wrongfully or otherwise. The only property disposed of by the debtor was the 1968 model automobile. It not being shown that there was any consent by the plaintiff to the defendant's sale of this automobile, it appears that the sale was wrongful, and the only measure of the value of the automobile was the sum of $325.00 received by the defendant as the fruits of this wrong. The bankruptcy judge concludes that the only recovery which the plaintiff could have against the defendant for a nondischargeable debt would be this sum of $325.00.

■ There is, however, an impediment to such a recovery by the plaintiff. This impediment might or might not have been removed by additional evidence. There was no evidence as to the value of the remaining collateral, and for aught that appears the plaintiff can collect the entire indebtedness by the exercise of its rights regarding the security interest which it holds in the debtor's household furniture and appliances. It is not appropriate for the Court to speculate as to the saleable value of such collateral, and it will not do so.

During the trial, the plaintiff's attorney attempted to make a point based upon a claim that the plaintiff's security interest in the collateral had not been perfected, because of a failure to file a financing statement executed by the parties. This appeared to be irrelevant to the issue before the Court.

Section 523(d), Title 11, United States Code, provides for the Court to grant judgment for the debtor and against the creditor (unless clearly inequitable) when it is determined that the debt is discharged, in a proceeding brought under subsection (a)(2) of said section, upon a debt for obtaining money, property, services, etc., by actual or constructive fraud. As can be seen from its terms, Section 523(d) does not apply to the type of proceeding here.

392

## JUDGMENT

In view of the foregoing, the complaint not being sustained, it is the judgment and order of this Court that the plaintiff's complaint is denied and that it and this adversary proceeding are dismissed out of court. It is further ORDERED by the Court that a copy hereof be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the plaintiff, its attorney, the debtor, her attorney, the case trustee, and the United States trustee.